IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:08CR138

LLOYD WENDELL LAYNE

**MEMORANDUM OPINION**

Lloyd Wendell Layne, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). Layne makes only one claim, to wit: "Acceptance of responsibility, the Courts refusal to enter a downward adjustment for acceptance of acceptance."[1] (§ 2255 Mot. 5 (capitalization corrected).) The Government responded. Layne has not replied. The matter is ripe for disposition.

---

[1] Under the section of the § 2255 form entitled "Supporting facts and law (State the specific facts and law that support your claim.)," Layne simply typed "U.S.S.G. § 3E1.1(a)." (§ 2255 Mot. 5.) This section of the United States Sentencing Guidelines ("Guidelines") states, in relevant part:

> If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1(a) (2008). An additional one-level decrease is warranted, in limited circumstances, where a defendant "timely notifi[ed] authorities of his intention to enter a plea of guilty." Id. § 3E1.1(b).

## I. PROCEDURAL HISTORY

Layne pled guilty, pursuant to a plea agreement, to conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. Based on his guilty plea, Layne's Presentence Investigation Report ("PSR") applied a three-level reduction in Offense Level for "Acceptance of Responsibility." (PSR Worksheet D, ¶ 2.) Layne's Total Offense Level of 27 and Criminal History Category of III[2] resulted in a Guideline Range of 87-108 months of imprisonment. (Id. ¶¶ 3, 4, 6.) Nevertheless, Layne's violation of 21 U.S.C. § 846 required the Court to impose a statutory minimum penalty of 120 months of imprisonment. 21 U.S.C. §§ 841(b)(1)(A), 846 (2008). Accordingly, the Court sentenced Layne to 120 months of imprisonment. United States v. Layne, No. 3:08CR00138-002, at 1-2 (E.D. Va. Sept. 29, 2008). Layne did not appeal.

## II. ANALYSIS

The Government correctly notes that, absent a showing of cause and prejudice or actual innocence, Layne's claim is barred

---

[2] Layne's Criminal History Category of III made him ineligible for the safety valve provision of the Guidelines. See USSG § 5C1.2 (2008). Layne, by counsel, moved the Court to apply the safety valve despite Layne's Criminal History Category, arguing that the PSR overstated Layne's criminal history. (Mot. Apply Safety Valve (Docket No. 35) 1.) The Court, however, denied Layne's motion. (Sentencing Minutes (Docket No. 36) 1.)

2

from review here because Layne could have, but did not, raise it on direct appeal. Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); Stone v. Powell, 428 U.S. 465, 477 n.10 (1976). Layne has not made such a showing. Accordingly, Layne's claim will be dismissed.

### III. CONCLUSION

Layne's claim will be dismissed. Layne's § 2255 Motion (Docket No. 42) will be denied and the action will be dismissed. A certificate of appealability will be denied.[3]

The Clerk is directed to send a copy of the Memorandum Opinion to Layne and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: February 23, 2012
Richmond, Virginia

---

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Layne fails to satisfy this standard.

3